UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID M. MIZERSKI,

                Plaintiff,

     v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-1288 RBL

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I. INTRODUCTION

This matter is before the Court on Plaintiff David M.'s Complaint (Dkt. 3) for review of the Social Security Commissioner's denial of his application for disability insurance ("DI") and supplemental security income ("SSI") benefits.

Plaintiff suffers from degenerative disc disease, scoliosis, bilateral knee and foot degenerative joint disease, tinnitus, and schizophrenia. *See* Administrative Record ("AR") (Dkt. 7) 21. He applied for DI and SSI benefits in November 2014. AR 75, 85. Plaintiff alleged his disability began on March 1, 2012. AR 18. His applications were denied on initial administrative review and on reconsideration. AR 75-94, 97-134.

Administrative Law Judge ("ALJ") Kimberly Boyce held a hearing on December 13, 2016, and issued a decision denying benefits on February 23, 2017. AR 18-34, 40-72. The

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

1 Appeals Council denied review on June 22, 2017, making the ALJ's decision the

2 Commissioner's final decision. AR 1; 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then sought

3 review before this Court.

4 Plaintiff argues that the ALJ erred in evaluating the medical opinions of Cathie Diller,

5 M.D., David Mashburn, Ph.D., and Jennifer Griffiths, M.D.; in evaluating Plaintiff's credibility;

6 and in evaluating lay witness statements from Plaintiff's mother, sister, and brother. *See* Pl. Op.

7 Br. (Dkt. 12) at 1. Defendant concedes that the ALJ erred in evaluating the medical opinions of

8 Dr. Diller, Dr. Mashburn, and Dr. Griffiths, and concedes that the ALJ should reassess the lay

9 witness testimony. Def. Resp. Br. and Mot. to Remand (Dkt. 22) at 2. But Defendant argues

10 that the ALJ did not err in assessing Plaintiff's credibility,[1] and that the Court should remand for

11 further administrative proceedings rather than an award of benefits. *See id.* at 3-4, 6-9.

## II. DISCUSSION

### A. The ALJ Erred in Rejecting Plaintiff's Symptom Testimony

14 Plaintiff argues that the ALJ erred in rejecting his subjective symptom allegations. The

15 Ninth Circuit has "established a two-step analysis for determining the extent to which a

16 claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th

17 Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical

18 evidence of an impairment that "'could reasonably be expected to produce the pain or other

19 symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

20 At this stage, the claimant need only show that the impairment could reasonably have caused

21 some degree of the symptoms; he does not have to show that the impairment could reasonably be

---

[1] Defendant nonetheless concedes that the ALJ "should further evaluate Plaintiff's symptoms upon remand," and "will be required to update the record, which will include an update of Plaintiff's subjective complaints, and to reconsider the reliability of Plaintiff's alleged limitations." *Id.* at 9.

expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because his medically determinable impairments could reasonably be expected to cause the symptoms he alleged. AR 26.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR 26. The ALJ gave two reasons for this determination: (1) the objective medical evidence did not support the severity of symptoms Plaintiff alleged; and (2) Plaintiff's daily activities were inconsistent with the severity of symptoms he alleged. AR 26-29.

       1.    <u>The ALJ Erred in Discounting Plaintiff's Symptom Testimony Based on a Lack of Support in the Objective Medical Evidence</u>

The ALJ's first reason for rejecting Plaintiff's symptom testimony is unavailing. While an ALJ may consider the medical evidence in evaluating the severity of a claimant's pain, "'an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (alteration in original); *see also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Regarding Plaintiff's spine, back, and knee issues, the ALJ spent much of her decision reciting objective medical evidence that documented the existence of conditions that could cause the symptoms Plaintiff alleged. *See* AR 26-27. But the ALJ then pointed to several generic notations that Plaintiff had, for example, normal gait and sensation, and concluded that these were inconsistent with Plaintiff's testimony regarding the severity of his symptoms. *See* AR 27. Given the ALJ's admitted errors in evaluating the medical opinions at issue here, the Court is not convinced that the ALJ correctly weighed this evidence in reaching her conclusion.

As to tinnitus, the ALJ acknowledged several notations in the record regarding that condition, but pointed out that Plaintiff did not follow up with treatment recommendations. *See* AR 27. "[A]n 'unexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). But an ALJ may not discredit a claimant for failing to obtain treatment when he cannot afford that treatment. *Orn*, 495 F.3d at 638 (citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)). Plaintiff was referred to an ear, nose, and throat specialist, but the record indicates he had difficulty finding a provider who would accept his insurance. *See* AR 799. The ALJ did not address this issue, and consequently erred in rejecting Plaintiff's testimony based on a failure to seek recommended treatment. *See* AR 27.

Finally, the ALJ's consideration of Plaintiff's schizophrenia was intimately tied to her treatment of the medical opinions that the Commissioner concedes were erroneously rejected. *See* AR 27-29. Because the ALJ misevaluated that evidence, the Court is again unconvinced that she reasonably interpreted that same evidence in rejecting Plaintiff's symptom testimony.

In sum, because the ALJ erred in evaluating several major medical opinions here, the

Court concludes that she also erred in her evaluation of Plaintiff's testimony as it related to the medical evidence.

### 2. The ALJ Erred in Rejecting Plaintiff's Symptom Testimony Based on Inconsistency with His Daily Activities

The ALJ's second reason for rejecting Plaintiff's symptom testimony also fails. An ALJ may consider a claimant's daily activities in assessing his testimony. But daily activities that do not contradict a claimant's testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn*, 495 F.3d at 639.

The ALJ noted in support of her determination that Plaintiff handles his own personal hygiene, fixes his own simple meals, travels independently on public transit, shops in stores, manages his money, goes to church, and attends medical appointments. *See* AR 29. In doing so, however, the ALJ did not accurately depict the facts in the record. Plaintiff appears to do the bare minimum in terms of personal hygiene. *See* AR 252, 300, 312 (noting that Plaintiff showers and changes clothes once a week). His meals consist mostly of microwaveable foods. *See* AR 253, 313. He shops in stores every week or two. *See* AR 254. At most, these activities reflect the basic elements of living a normal life, and do not supply a reasonable basis for discrediting Plaintiff. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair*, 885 F.2d at 603); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

### 2. **Remand for Further Proceedings is the Appropriate Remedy**

Plaintiff asks the Court to remand this matter for an immediate award of benefits.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step of this framework has been met, as the Commissioner concedes that the ALJ erred in her consideration of the opinions of Dr. Diller, Dr. Griffiths, and Dr. Mashburn, and the lay testimony of Plaintiff's mother, sister, and brother. *See* Def. Resp. Br. and Mot. to Remand at 2. The Court has further found that the ALJ did not provide legally sufficient reasons to discount Plaintiff's testimony. *See supra* Part II.A.

The second step, however, has not been met. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear

under the applicable legal rules." *Treichler*, 775 F.3d at 1103-04 (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). In this case, there are numerous medical opinions suggesting varying levels of impairment. *See, e.g.*, AR 80-82, 108-11, 346-51, 678-94, 888-90, 946-51. The Court is not in a position to reweigh those opinions and determine whether they preclude Plaintiff from all jobs existing in significant numbers in the national economy. Therefore, further administrative proceedings are necessary to determine Plaintiff's disability status.

On remand, the ALJ must reevaluate the medical evidence, including the opinions of Dr. Diller, Dr. Mashburn, and Dr. Griffiths; reevaluate Plaintiff's symptom testimony; reevaluate the lay testimony from Plaintiff's mother, sister, and brother; reevaluate the relevant steps in the disability evaluation process; and conduct further proceedings as necessary to determine Plaintiff's disability status.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of October, 2018.

Ronald B. Leighton
United States District Judge